GRABER, Circuit Judge,
dissenting:
I respectfully dissent. I have no doubt that the jury would have found at least one *553 aggravating factor, Butler v. Curry, 528 F.3d 624, 648 (9th Cir.2008), either sophistication or “great violence ... or other acts disclosing a high degree of cruelty, viciousness, or callousness,” Cal. R. Ct. 4.421(a)(1), (a)(8). Ramirez had much more than routine familiarity with firearms, having served for ten years in the military during which he was qualified in the use of weapons. He was under the influence of methamphetamine. He selected the deadlier of the firearms in his vehicle, which had a five-round magazine. He used expanding bullets (forbidden in warfare since the 1880s), which disintegrate on impact to cause the greatest damage to the human body; at close range he fired three shots, each of which required separate aim, and separate pulls of the trigger, and which shot the victim’s heart out of his body. The result was not just any killing, but dramatic overkill. Accordingly, I would affirm, because the Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007), error was harmless under the Brecht v. Abrahamson, 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993), standard.